IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:12-CV-73-BO

| | | |
|---|---|---|
| JOHN ALLEN SHAFFER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
|     Defendant. | ) | |

This matter is before the Court on cross-motions for judgment on the pleadings. A hearing was held before the undersigned on May 31, 2013, at Edenton, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim Supplemental Security Income (SSI) pursuant to Title XVI of the Social Security Act. Plaintiff protectively applied for SSI on June 11, 2008, alleging disability since May 15, 2002. His claims were denied initially and on reconsideration. After conducting a hearing and considering the claim de novo, an Administrative Law Judge (ALJ) found that plaintiff was not disabled. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and

whether the Commissioner employed the correct legal standard. 42 U.S.C. § 405(g); *see Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence consists of more than a mere scintilla of evidence, but may be less than a preponderance of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Court must not substitute its judgment for that of the Commissioner if the Commissioner's decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456.

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.*

After finding that plaintiff had not engaged in any substantial gainful activity since his application date at step one, the ALJ determined that plaintiff had the following severe impairments: bilateral sensorineural hearing loss, arthritis, lumbar disc disease, right and left knee arthritis, and prostasis. The ALJ went on to find that plaintiff did not have an impairment or combination of impairments that met or equaled a listing at step three, and found that plaintiff had a residual functional capacity (RFC) to perform a light work with environmental limiations. Plaintiff was found to be unable to perform past relevant work, but the ALJ found that, considering plaintiff's age, education, work experience, and RFC, jobs existed in significant

numbers that plaintiff could perform. Accordingly, the ALJ found that plaintiff had not been under a disability since his date of application.

Substantial evidence supports the ALJ's finding that plaintiff could perform light work with some limitations. Contrary to plaintiff's assertion, the fact that the ALJ found that plaintiff could not return to his past relevant work as a salesman does not require a finding that plaintiff could not perform any light work. Light works involves lifting no more than twenty pounds and frequent lifting of up to ten pounds. 20 C.F.R. § 404.1567; SSR 83-10. Light work also requires a good deal of walking or standing. SSR 83-10.

Imaging revealed only early degenerative changes in plaintiff's knee, Tr. 298, no stenosis, spondylolysis, or spondylolisthesis were discovered in plaintiff's spine, Tr. 299, and a bilateral straight-leg raise test was negative. Tr. 295. The ALJ also specifically considered the testimony of plaintiff's friend and his insight into the severity of plaintiff's hearing impairment. SSR 06-03p; Tr. 24. The friend's testimony was consistent with plaintiff's audiologist, who noted plaintiff's difficulty hearing soft speech with background noise, and was incorporated into the RFC finding. Tr. 54-55; 477; 23. The RFC further accounts for plaintiff's complaints regarding dizziness, and plaintiff does not contend that the ALJ failed to adequately account for his prostatitis or diabetes in the RFC.

Finally, the hypothetical question posed to the vocational expert (VE) in this matter was proper as the ALJ had a sufficient basis to discount plaintiff's and his friend's allegations regarding the severity of plaintiff's limitations as inconsistent with and in light of the medical and other evidence in the record. Again, contrary to plaintiff's assertion, the VE did *not* testify that plaintiff could only work one or two days a week; rather, the VE testified that, if the ALJ

3

Case 4:12-cv-00073-BO Document 31 Filed 08/01/13 Page 3 of 4

accepted the testimony of plaintiff's friend that plaintiff could only work one or two days a week as true, no jobs would exist that plaintiff could perform. Tr. 52. Because the determination of the ALJ was otherwise supported by substantial evidence and the correct legal standard was employed, his decision is affirmed.

## CONCLUSION

For the reasons discussed above, plaintiff's motion for judgment on the pleadings [DE 22] is DENIED, defendant's motion for judgment on the pleadings [DE 24] is GRANTED, and the decision of the Commissioner is AFFIRMED.

SO ORDERED, this __3/__ day of July, 2013.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE